Curia, per O’Neall, J.
In the first of these cases, it seems that the respondent in dower was in possession as the tenant of the respondent, in the second case, of the improved lot and buildings, in the town of Aiken, formerly called “the Rail Road Hotel,” but latterly, the “ Mansion House That an unimproved and vacant lot, belonging also to his landlord, adjoined it, and was commonly called the Olivia Oliver lot: that the demandant sued out her summons for the respondent, in the first case, to have her dower assessed, of the improved lot first above mentioned, but by some mistake, the copy made out and served upon him, was to show cause why she should not have her dower of the Olivia Oliver lot: that this copy was handed to the landlord, who directed an appearance, which was entered, and subsequently withdrawn, under the belief that the dower sought was really in the Olivia Oliver lot, which, being of little value, it was not thought *28 worth while to contest the demandant’s right: that the de-/mandant pursued her original summons, and for the want of defence, procured an order for a writ of admeasurement of dower, which issued; and the Commissioners assessed, in lieu of the demandant’s dower, the sum of $1000, with interest from the 25th March, 1845, which, at Spring Term, 1849, was confirmed, and made the judgment of the Court ; under it execution issued against the respondent, Lanneau, which was returned “ nulla bona.” At October Term, 1849, Lanneau brought the facts which I have stated to the view of the Court, by the affidavits filed, and a copy of the summons served, furnished by the demandant’s attorneys, Messrs. Bellinger and Hutson, and moved to set aside the whole proceedings against him, for various supposed irregularities, but principally that he had not been made, legally, a party thereto ! The demandant, at the same term, moved to have execution on the assessment, against Laurens the landlord.— Both of which motions were refused by the Judge below, without expressing any opinion upon their merits. The first motion will, alone, be here discussed — its decision will also decide the second.
The Act of 1799 dispenses with the petition for the summons in dower, which had been previously required, and declares the summons to be demandable of common right. The course of practice, at the return term of the summons, instead of a formal showing of cause, on the part of the respondent, is to enter an appearance; and it is thence taken for granted, that the respondent means to contest the deman-dant’s right. A declaration in dower to the next term, with its consequent pleading and issue follows, and according to the finding for or agaiust the demandant, the writ issues or is denied. If it had not been for the statement made on the part of the respondent, that the appearance was withdrawn, I should have thought it was irregular to have issued the writ of admeasurement of dower, after the appearance and before the final disposition of the issue to be made up between the parties. But as it was withdrawn, the case stands as if the respondent had never appeared. Looking to the case in that way, the only questions are as to the right of the Court now to entertain this motion; and if entertained, then what effect the facts stated by this respondent are to have.
The power of the Court over its own judgments, and the course of practice, is stated, as well as I can state them, in the cases of Posey v. Underwood, and Dial and Henderson ads, Farroxo. From the first of these cases I make the following extract: “Generally, there can be no doubt that a Court of law possesses exclusive jurisdiction over the amendment or vacation of its own judgments. This applies most *29 usually to matters of form or substance apparent on the face of the record. Sometimes, however, it is exercised as between the parlies, 'on matters out of and beyond the judgment, as when a judgment has been obtained by duress, by misrepresentation to the defendant, or by an abuse of the process of the Court,”- — -and since that case, I may now add, “ or by fraud.” Tailing this statement of the law, there can be no doubt about the power of the Court to look into the whole proceedings leading to the judgment; and if it be found, as is supposed on the part of the respondent, that he has never been served with a copy of the original summons, then, indeed, he is not a party to this case, and the whole proceedings must be set aside.
The proper course of practice to bring up such a question, regularly to the Court, is stated in Posey v. Underwood, and repeated in Dial and Henderson ads. Harrow. In the case of Posey v. Underwood, the Court, speaking of matters extrinsic of the record, says: “ the party intending to move to vacate the judgment, ought to file affidavits of the facts on which he relies, and give notice thereof, and of the time and place of his motion for a rule. In both cases (meaning where the matter is apparent on the record, and where it is extrinsic,) the party against whom the rule is moved for, is entitled, as a matter of right, to have it made returnable to the term next ensuing that at which it is moved for, so as to afford him one term to show cause against it.” This course of practice was not conformed to, on this occasion, as it should have been; but as no exception has been taken on that account, and as there seems to be no dispute about the facts, the Court will, without further adverting to this irregularity, proceed to announce its judgment on the case made by the respondent, Lanneau, on his motion to set aside the execution, judgment, and proceedings in dower, against him.
The requisition, that a defendant shall be served with a copy of a writ, summons or other process, to make him a party in Court, is intended to inform him, in the very beginning of a case, of that which he is to answer, so that, if he have no defence against the case stated, he need not trouble himself further about it, or if he have a defence, that he may have the opportunity of making it. To serve a party with the copy of one process, and then, on that service, pursue another process, the foundation of another case, to judgment, would be both obtaining a judgment by “ misrepresentation” to the defendant, and also by “ an abuse of the process of the Court,” and would, in either point of view, constitute a ground to set aside the judgment. Such a state of facts, (however unintentional on the part of the demandant and her attorneys,) would be a fraud, of which, if the Court had not the power to relieve, well might it be said that the ad *30 ministration of the law is so encircled by the meshes of form, that right cannot, in its Courts, prevail; and hence, that another forum to supervise it and correct its defects, is necessary. Serving the respondent with a copy of a different summons, did not make him a party to the case now before the Court. He is, as to that, certainly, at least, upon as safe a ground as if the process had not been left at his proper residence, or if a person supposed to be, but in fact, not the respondent, had been served.
The first case put, is that of Watton v. Parsons — in which it was held that if the sheriff, intending to serve the defendant, by leaving a copy at his residence, left it at a place not his residence, that such fact might be shown by the defendant, after judgment, and would be a sufficient ground to set aside the judgment.
So, too, I very well remember the case of Hugh O'Neall v. William Wright. In that case, it appeared, there were in Newberry district, two (indeed three) persons of the same name — that the writ was served on one of them, who was not the debtor — the mistake was not discovered — the case went on to judgment — execution was issued, and when about to be enforced, the wrong service was disclosed, and on a proper showing under a rule, the judgment and all the proceedings were set aside. These cases, compared with that made by the respondent, certainly afford no stronger grounds for relief than that which is here presented.
The motion to set aside the execution, judgment, assessment, writ of admeasurement of dower, the order for the same, and the sheriff’s return on the summons in dower, in the case of Martha M. Williams v. C. H. Lanneau, is granted.
The motion in the case of Martha M. Williams v. E. R, Laurens, is dismissed.
The whole Court concurred.
Bellinger & Hutson, for demandant.
A. P. Aldrich, for respondent.